# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | | |
|---|---|---|---|
| MARIO GUTIERREZ, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| | ) | No. | 4:17-cv-00065 |
| v. | ) | | REEVES/STEGER |
| | ) | | |
| BEDFORD COUNTY JAIL, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

Mario Gutierrez ("Plaintiff"), a prisoner in the Bedford County Correctional Facility in Shelbyville, Tennessee, filed this pro se civil rights complaint under 42 U.S.C. § 1983 on October 20, 2017 [Doc. 2], along with a motion for leave to proceed *in forma pauperis* [Doc. 1]. On November 1, 2017, the Court entered an Order advising Plaintiff that his motion for leave to proceed *in forma pauperis* was granted, and allowing Plaintiff to amend his complaint "to name proper entities as defendants in this suit, clarify the exact nature of his claims against each defendant, and provide concise factual allegations supporting each such claim" [Doc. 4]. The Court instructed Plaintiff that he was required to amend his complaint within twenty-one days from the date of the Court's Order and directed the Clerk's Office to send Plaintiff a form § 1983 complaint to use to draft the amended complaint. [*Id.*]. Additionally, the Court advised Plaintiff that "failure to comply with this Order will result in the dismissal of this action for want of prosecution and failure to comply with orders of the Court." [*Id.* citing Fed. R. Civ. P. 41(b)].

More than twenty-one days have passed, and Plaintiff has not filed an amended complaint or any other response to the Court's Order. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Despite receiving instruction from this Court to file an amended complaint, Plaintiff has failed to do so. Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Pro se status does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991). Accordingly, the Court finds that the first factor weighs in favor of dismissal. The second factor, however, weighs against dismissal; since defendants have not yet been properly

named, they have not been prejudiced by any delay. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**